**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES R. SALVATO, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:19-cv-02116 |
| SUNRISE CREDIT SERVICES, INC., | JURY DEMAND |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT**
**TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes JAMES R. SALVATO ("Plaintiff"), by and through his attorneys, Sulaiman
Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SUNRISE CREDIT
SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act
("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction
is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of
the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business
in the Northern District of Illinois and a substantial portion the events or omissions giving rise to
the claims occurred within the Northern District of Illinois.

1

## PARTIES

4.   Plaintiff is a 35 year-old natural person residing in South Elgin, Illinois which falls within the Northern District of Illinois.

5.   Defendant provides credit and accounts receivables management services for credit grantors in the United States.  It offers third party accounts receivable management programs; cash flow early out/cure programs; account receivables billing programs; skip tracing solutions; over-the-limit calls and reminder solutions; attorney network solutions; and credit and collections training services. Defendant also provides credit investigation services, including credit reports and diversified real estate products and services. Defendant was founded in 1974 and has a principal place of business at 260 Airport Plaza Blvd., Farmingdale, New York 11735.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.   Starting in approximately February 2019 Plaintiff began receiving calls from Defendant to his cellular phone, (630) XXX-6805.

8.   At all times relevant to the instant action the above cellular phone number has been registered to Plaintiff and he has been financially responsible for the services.

9.   The calls by Defendant have been regarding the collection of a defaulted consumer obligation that Plaintiff allegedly owed to AT&T for residential cable and internet services ("subject consumer debt").

10. Upon information and belief AT&T turned the collection of the subject consumer debt over to Defendant after Plaintiff allegedly defaulted on payments.

11. Many of Defendant's calls have come from phone number (630) 449-4222. However, Defendant has used other phone numbers as well.

12. The above phone number is utilized by Defendant to contact consumers during its debt collection activity.

13. Plaintiff has spoken with Defendant and been advised that it is seeking payment on the subject consumer debt. In response Plaintiff specifically requested that Defendant only contact him in writing as he needed verification of the subject consumer debt.

14. Plaintiff provided Defendant with his address.

15. Plaintiff has never received any written correspondences from Defendant.

16. On multiple occasions Plaintiff has specifically told Defendant not to contact him via phone and that further phone calls would be in violation of the FDCPA.

17. Defendant has ignored Plaintiff's demands and continued to place near-daily collection calls to his cellular phone.

18. Having his requests for Defendant to cease contacting him disregarded, Plaintiff spoke with Sulaiman regarding the conduct, resulting in pecuniary loss and expenditure of resources.

19. Plaintiff uses his cellular phone for work. Because Defendant systematically calls from local area codes, Plaintiff has answered its calls thinking it was related to business opportunities.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, harassment, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a. Violations of the FDCPA §1692c(a)(1) and §1692d

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff being notified to stop and only communicate with him in writing. Defendant's continued collection calls had the natural consequence of harassing Plaintiff and caused him financial loss.

### b. Violations of the FDCPA § 1692e

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

4

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Defendant purposefully and systematically "spoofed" its phone number to appear as if it was local to Plaintiff. Defendant called Plaintiff from New York, yet it misleadingly used area codes local to Plaintiff in order to increase the chances of him answering. Defendant was specifically told to stop contacting Plaintiff via phone calls. Instead of stopping, Defendant doubled-down on its collection efforts by using local phone numbers to coerce Plaintiff into answering the calls, thinking it could be business opportunities.

28. Defendant further made false representations to Plaintiff when it stated that it would send him verification of the subject consumer debt in writing. Despite providing Defendant with his address, Plaintiff has never received any written correspondence from Defendant.

### c. Violations of the FDCPA §1692f

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by continuously calling Plaintiff after being notified to stop. Not only did Defendant place calls after being told to stop, but it intentionally continued to call Plaintiff using local area codes and phone numbers. Attempting to trick and coerce Plaintiff into answering the phone calls after being notified to stop calling is unfair and unconscionable behavior.

29. As pled in paragraphs 17 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff JAMES R. SALVATO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.   Enjoining Defendant from further contacting Plaintiff; and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: March 27, 2019                          Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)           s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103               Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                          Counsel for Plaintiff
Sulaiman Law Group, Ltd.                       Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                        Lombard, Illinois 60148
(630) 568-3056 (phone)                         (630) 581-5858 (phone)
(630) 575-8188 (fax)                           (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                       thatz@sulaimanlaw.com